IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. FERRETTI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2865 |
| | : | |
| RYAN EMRICK, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**YOUNGE, J.**                                                                                              October 4, 2024

      Thomas R. Ferretti, a detainee at Lehigh County Prison ("LCP"), filed a *pro se* civil rights Complaint naming as Defendants Ryan Emrick, the Chief of Police in Coplay, Pennsylvania, and "Coplay Police." Ferretti seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted, certain claims will be dismissed with prejudice, other claims will be dismissed without prejudice, and Ferretti will be granted the option to proceed only on the claim the Court determines to pass statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii), or to file an amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

      Ferretti asserts that Emrick has harassed him, initially because of Ferretti's "employment status" and then began to harass his girlfriend, Jane Chase, and broke up their relationship. (Compl. at 5.) Emrick commandeered Chase's phone for a few days and accessed both of their Google accounts. (*Id*.) He downloaded their data, including emails, texts, call logs, and

---

[1] The facts set forth in this Memorandum are taken from Ferretti's Complaint (ECF No. 3). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

contacts, as well as private pictures and videos of a sexual nature. (*Id*.) Emrick also allegedly drove past Ferretti's home, located outside of his jurisdiction, in both a police car and his own vehicle. (*Id*.)

Ferretti also asserts that Emrick accessed his medical records in violation of his "HYPA rights" to learn where he had medical appointments, ran his credit report using his social security number to "ruin" his credit, accessed his bank account information, wrote "several frivolous criminal complaints" against him, and "hides the police tracking reports" from Ferretti, even though Ferretti claims to have a right to see them. (*Id*. at 6.) He claims that Emrick recently "detained [him] in court" and transported him to LCP, allegedly overstepping his duties because a sheriff's officer should have done the transport, and sexually assaulted him by pressing his penis into Ferretti's buttocks while pressing his chest against his shoulder with his face next to Ferretti's ear, breathing heavily, and laughing. (*Id*.) Emrick then smiled at him and whispered "you want this," all while Ferretti was handcuffed. (*Id*.) Finally, Ferretti adds that Emrick contacted his probation officer and lied to him by making frivolous statements. (*Id*. at 5.) Ferretti seeks money damages, a protection from abuse order for himself and Chase,[2] and to have Emrick fired from his job and arrested so he can "face jail time."[3] (*Id*.)

---

[2] Ferretti's request for a protection from abuse order against Emrick will be construed as one seeking a temporary restraining order under Federal Rule of Civil Procedure 65, since issuing a protection from abuse order is a state court function. *See* 23 Pa. Cons. Stat. § 6108.

[3] The demand that Emrick be fired will be dismissed because the Court is not empowered to grant such relief as a remedy under § 1983. *See Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (collecting cases and stating "the Court has no authority to terminate the employment of a state employee"). The demand that Emrick be arrested and imprisoned is also improper because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that

**II.     STANDARD OF REVIEW**

The Court will grant Ferretti leave to proceed *in forma pauperis*.⁴  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Because Ferretti is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

---

the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted).

⁴ Because Ferretti is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.  The Court notes that Ferretti disclosed in his application to proceed *in forma pauperis* that he has assets in a bank account, leading the Court to initially deny his application. (ECF No. 5.)  In response to that Order, Ferretti submitted a letter indicating that he cannot access those funds to pay the filing fee. (ECF No. 7.)  Based on that representation, the Court will provisionally grant him leave to proceed *in forma pauperis* so that this case may proceed, but reserves final judgment on whether he will continue to be granted that status.

**III.     DISCUSSION**

Ferretti asserts constitutional claims under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Claims Against Coplay Police**

Ferretti included in the caption of his Complaint "Coplay Police."  It is unclear whether he intended to assert § 1983 claims against the Coplay Police Department, or simply used it as an identifier for Defendant Emrick.  To the extent he did intend to assert a separate claim against the Coplay Police Department it must be dismissed.

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Coplay Police Department is not a proper defendant in this case under §1983 and is dismissed.

### B. Claims Brought on Behalf of Jane Chase

It is also unclear whether Ferretti seeks to assert a claim on behalf of Jane Chase, since he alleges that Emrick commandeered and searched her phone and seeks a joint protection from abuse order with her. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, any claim Ferretti seeks to assert on behalf of Jane Chase must be dismissed without prejudice.

### C. HIPAA Claims

Ferretti mentions "HYPA rights," apparently a reference to the Health Insurance Portability and Accountability Act ("HIPAA"), and claims that Emrick used his medical records to determine where he had appointments. There is no federal private right of action under HIPAA. *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyoming Valley Med. Ctr.*, No. 17-1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation adopted,* 2018 WL 1629870 (M.D. Pa.

Apr. 4, 2018) ("'The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)); *see also*, *Cobb v. PrimeCare Med. Corp.*, No. 18-1516, 2020 WL 13729620, at *6 (M.D. Pa. Jan. 29, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 13730063 (Feb. 24, 2020) (stating that HIPAA "does not create a private right of action for alleged disclosures of confidential medical information. . . . Therefore, neither [HIPAA] nor 42 U.S.C. § 1983 supports an action based on HIPPA violations.") (internal quotation omitted).  Accordingly, all claims asserting violations of HIPAA are dismissed with prejudice.

    **D.**    **Harassment**

With no further explanation, Ferretti asserts that Emrick harassed him due to his "employment status." (Compl. at 5.)  Placing this in a constitutional context, Ferretti may be attempting to allege a First Amendment retaliation claim.  In order to state a plausible First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*).  "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than *de minimis*.'"  *Watson*, 834 F.3d at 423 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original).  The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may

establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422.

The allegation that Emrick harassed Ferretti due to his "employment status" is too vague and undeveloped to proceed. Ferretti does not specify his employment status or that this status – or anything else he did – was constitutionally protected conduct for which Emrick sought to harass him. He also does not allege that constitutionally protected conduct was "a substantial or motivating factor" for an adverse action. Accordingly, this claim must be dismissed. However, the Court will permit Ferretti to file an amended complaint to provide additional factual allegations indicating that he has a plausible claim against Emrick based on a violation of his First Amendment rights.[5]

### E. Accessing Financial Information

Ferretti alleges that Emrick "randomly" accessed his credit report using his social security number to "ruin" his credit, and accessed his bank account information. (Compl. at 6.) The Court understands these allegations to assert a violation of the Fair Credit Reporting Act ("FCRA") and possibly other unspecified banking laws. The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that the statute does not authorize. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*); *see* 15 U.S.C. §§ 1681b(f), 1681n(a). "[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the

---

[5] In the sections that follow, the Court will consider separately the various acts Ferretti ascribes to Emrick. He may, however, be asserting that all of the conduct ascribed to Emrick collectively constitutes a pattern of harassment, in addition to attempting to assert that each act constitutes a separate constitutional or statutory claim. Other than the sexual assault claim discussed later, when viewed as an alleged pattern of harassment, the Complaint suffer from the same defect as his "employment status" – based claim of harassment, namely that Ferretti asserts vague allegations that are unconnected to any protected conduct.

written instructions of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *aff'd sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 2024) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)). "Notwithstanding the provisions of section 1681b . . . a consumer reporting agency may furnish identifying information respecting any consumer, limited to his name, address, former addresses, places of employment, or former places of employment, to a governmental agency." 15 U.S.C. § 1681f .

The United States Court of Appeals for the Third Circuit has not adopted elements to sustain a plausible permissible purpose claim under § 1681b, but at least one other Court of Appeals requires the following: (1) there was a consumer report within the meaning of the statute; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose. *See West v. TransUnion LLC,* No. 23-4051, 2024 WL 2925959, at *2 (E.D. Pa. June 10, 2024) (citing *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014). Ferretti's allegation that Emrick – whom he asserts is a law enforcement official – "randomly" accessed his credit report, without more, fails to allege a plausible FCRA claim.  Ferretti does not allege that Emrick obtained the report for an impermissible purpose and his allegation that he obtained it "randomly" is undeveloped.  Accordingly, any FCRA claim, as well as any other unspecified claim under other banking laws, must be dismissed.  The Court will permit Ferretti

to file an amended complaint to provide additional factual allegations indicating that he has a plausible claim against Emrick based on this conduct as well.

### F.     Filing Criminal Complaints

Next, Ferretti asserts in conclusory fashion that Emrick filed "several frivolous criminal complaints" against him.  He also alleges that Emrick "hides the police tracking reports" from Ferretti, even though Ferretti claims to have a right to see them, but does not explain how this act caused him a constitutional injury.  (Compl. at 6.)  Ferretti may be attempting to assert a malicious prosecution claim, but he does not provide any facts to support these conclusory assertions, specifically, any facts about an arrest, the disposition of any charges, and why the charges were malicious.[6]  The Court will permit Ferretti to amend these claims as well to provide more information to support his claims.

---

[6] To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. ___, 2024 WL 3056034, at* 2 (June 20, 2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022).  A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).  That a "valid" crime was also charged along with the charge that ended in the plaintiff's favor does not create a categorical bar to a claim.  *Chiaverini*, 2024 WL 3056034 at *4 ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge. . . .  Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's *charge by charge*. (emphasis added)).  A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.  A plaintiff need only show that the criminal prosecution ended without a conviction.").

### G. Transporting Ferretti to LCP

Ferretti claims that Emrick detained him and transported him to LCP, allegedly overstepping his duties because a sheriff's officer should have done the transport. He provides no factual support for this claim either, specifically, why he was detained, the circumstances under which he was brought to LCP, and why it violated Ferretti's constitutional rights to be transported by Emrick, rather than a sheriff's officer. Accordingly, this part of the Complaint will also be dismissed without prejudice.

### H. Sexual Assault Claim

Next, Ferretti asserts that Emrick sexually assaulted him by pressing his penis into Ferretti's buttocks while pressing his chest against his shoulder with his face next to Ferretti's ear, breathing heavily, and laughing. (*Id*.) Emrick then smiled at him and whispered "you want this" while Ferretti was handcuffed. (*Id*.)

Since it appears that Ferretti was a pretrial detainee at the time of the events he describes in his complaint, the Due Process Clause of the Fourteenth Amendment governs his claims. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish . . ., when the restriction or condition is not rationally related to a

legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).  Courts should consider the totality of the circumstances in evaluating such a claim.  *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution.").

In *E.D. v. Sharkey*, 928 F.3d 299 (3d Cir. 2019), the Third Circuit concluded that an immigration detainee, who is entitled to the same due process protections as a pretrial detainee, had a clearly established right "not to be sexually assaulted by a state employee while in confinement," and the detainee's sexual assault allegations against the employee "set forth a plausible violation of her right to personal bodily integrity protected by the Due Process Clause of the Fourteenth Amendment."  *Id.* 928 F.3d at 307 (stating that the alleged sexual assault "could not have served a legitimate governmental objective and thereby constituted impermissible punishment.") *citing Stevenson*, 495 F.3d at 67; *Bell*, 441 U.S. at 535; *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018) (analyzing substantive due process right to bodily integrity claim of sex assault victim).  Ferretti's allegations that Emrick sexually touched him by pressing his penis into his buttocks while pressing his chest against Ferretti's shoulder with his face next to Ferretti's ear, breathing heavily, and laughing, and making a sexually suggestive comment are sufficient at this stage of the litigation to be served for a responsive pleading.

### I.       Contacting Probation Officer

Finally, Ferretti contends that Emrick violated his rights by contacting his probation officer, and lying to him by making frivolous statements.  (Compl. at 5.)  This allegation is also undeveloped and, accordingly, fails to allege a plausible claim.  Ferretti will be granted the

opportunity to reassert this claim in an amended complaint if he is capable of adding additional facts to specify the nature of the Emrick's acts and how it violated his constitutional rights.

### J. Preliminary Relief

As noted, the Court will construe Ferretti's request for a protection from abuse order as a request for preliminary injunctive relief under Fed. R. Civ. P. 65, governing temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

Ferretti's claim that he was the victim of sexual abuse is the only claim he asserts that passes statutory screening at this time. Assuming that he has established he is likely to succeed on the merits of that claim, he has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. Stated simply, this claim describes a one-time event that, as Ferretti is now detained at LCP, is unlikely to be repeated, and he states no other facts from which the Court might conclude that he might suffer irreparable harm. Accordingly, the request for a temporary restraining order will be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss all claims against Coplay Police and all HIPAA claims with prejudice because they are not plausible. The following claims are dismissed without prejudice: (1) harassment claims based on employment status, as well as any collective harassment claim; (2) Fair Credit Reporting Act claims and other unspecified banking laws claims; (3) claims about frivolous criminal complaints; (4) claims about Emrick transporting Ferretti; (5) claims about contacting Ferretti's probation officers; and (6) Ferretti's request for preliminary injunctive relief. All claims asserted on behalf of Jane Chase are also dismissed without prejudice. The Court is prepared to serve Ferretti's sexual assault claim for a responsive pleading. However, he will be given the opportunity to choose whether to proceed only on that claim or file an amended complaint to attempt to cure the defects the Court has identified in his other claims. An appropriate Order with additional information about amendment will be entered separately.

                                               **BY THE COURT:**

                                               /s/ John Milton Younge
                                               _____
                                               **JOHN MILTON YOUNGE, J.**